UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| NANCY FERRELL DAVIDSON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 3:19-cv-309-CHB |
| | ) | |
| LOUISVILLE METROPOLITAN | ) | |
| GOVERNMENT | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION FOR ENLARGEMENT OF TIME**

For its Response to Plaintiff's Motion for Enlargement of Time (DN 23), Defendant Louisville Metropolitan Government ("Metro" or "Louisville Metro"), by counsel, states as follows:

As stated in Metro's Reply in Support of its Motion for Summary Judgment, Plaintiff Nancy Davidson was granted multiple extensions to file her Response to the Defendant's Motion for Summary Judgment. Most recently, on June 10, 2020, Plaintiff requested until June 15, 2020 to file her Response. (DN 20.) By June 16, 2020, she had not filed her Response, but on that date this Court granted her Motion and gave her until June 17, 2020 to do so. (DN 21.) June 17, 2020 came and went. Metro filed its Reply in Support of its Motion on June 23, 2020. A couple hours later, six days *after* her Response was due, Plaintiff moved for her *third* enlargement of time. (DN 23.)

Metro and the undersigned both understand that the pandemic has upheaved much of our normal routine; no one remains unaffected. But Metro's Motion has been pending since May 5, 2020 without response, and having one at-risk staff member does not excuse these repeated failures. Plaintiff cannot fairly argue that the deadline for responding snuck up on her; she herself

requested multiple extensions, which were granted both by the undersigned and by this Court, most recently on June 16, 2020, which presumably would have served as a reminder. Six days after the extended deadline for responding is not the appropriate time to request a *third* extension.

Instead, Metro asks this Court to deny Plaintiff's Request for enlargement of time and to consider Metro's Motion for Summary Judgment based upon the pleadings and evidence currently in the record (still, as always, in the light most favorable to the non-moving party). At this point, granting a third enlargement of time would be prejudicial to Metro, which is entitled, at the very least, to a diligent prosecution of the claims against it.

Respectfully submitted,

PHILLIPS PARKER ORBERSON & ARNETT


*/S/ TERA M. REHMEL*
Patricia C. Le Meur, Esq.
Tera M. Rehmel, Esq.
Colleen O. Davis, Esq.
716 West Main Street, Suite 300
Louisville, Kentucky 40202
Office:  (502) 583-9900
Fax:     (502) 587-1927
Email:  plemeur@ppoalaw.com
            trehmel@ppoalaw.com
            cdavis@ppoalaw.com
*Counsel for Defendant Louisville Metropolitan Government*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed with the Clerk of Court via the CM/ECF system on this the 24th day of June 2020, which will send a notice of electronic filing to the following counsel of record:

Timothy Denison, Esq.
235 South Fifth Street, Third Floor
Louisville, Kentucky 40202
timothydenison@aol.com
*Counsel for Plaintiff, Nancy Ferrell Davidson*

*/s/ TERA M. REHMEL*
*Counsel for Defendant Louisville Metropolitan Government*

3