UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NANCY FERRELL DAVIDSON                                                              PLAINTIFF

v.                                                                               No. 3:19-cv-309-BJB

LOUISVILLE METROPOLITAN GOVERNMENT                                        DEFENDANT

### PLAINTIFF'S MOTION TO RECONSIDER ORDER OF DISMISSAL

Comes now the Plaintiff, NANCY FERRELL DAVIDSON, by counsel, and for her Motion to Reconsider the Order Granting Summary Judgment entered on or about August 17, 2022, respectfully moves this court to reconsider the order of dismissal, to vacate it, and to set it aside.

**1. But for Davidson's actions, the Zoo would have successfully hidden its discriminatory conduct in altering the City's investigative findings concerning discrimination against Butrum, and Davidson's termination, in retaliation for that, is actionable.**

The facts of this matter are largely undisputed. Butrum was discriminated against by employees of the Louisville Zoo. To focus on the first event, her immediate supervisor, Rich Williams, lied to her about an off-site employee meeting or party, enticed her to come there alone, and was present alone and drunk when she arrived, only to make a sexual pass at her, which she walked away from. The next time they were in the office, Butrum confronted Williams with the inappropriateness of that, and he immediately quit. Following that an internal City investigation into Butrum's allegations of sexual discrimination happened, with the City initially finding that she had been discriminated against, but with John Walzak, the Zoo's then director, using his authority as a director, to intervene, causing a different finding from the initial investigation. This was discrimination upon discrimination. There was nothing confidential

1

about the investigation by a city public agency. Nor is confidentiality afforded whistleblowing the deliberate attempt (ultimately successful) to alter the findings in said investigation. When Davidson was ultimately terminated for having advised Butrum of these facts, the termination was retaliatory, in clear violation of Title VII.

The Zoo, in its defense, states that it fired Davidson for violation of Zoo policies, which may, in part, be true, but the issue then becomes, whether firing her in retaliation was at least as much a motivation to fire her as the alleged violation of Zoo policies. Again, there was nothing "confidential" in what Davidson communicated to Butrum; these were not state secrets. Davidson would contend that but for retaliatory reasons, the Zoo would not have terminated her. The communications deemed "confidential" by the Court, and the Zoo, amount essentially to gossip, or internal small talk between employees. What Davidson communicated to Butrum was A) the result of the initial investigation, which found Butrum had been discriminated against, B) Walzak's intervention following the initial investigation, and C) the revised findings, finding no discrimination, as a result of Walzak's intervention (which Davidson contends was itself retaliatory and discrimination against Butrum). Davidson was not terminated for giving general information to Butrum, and Butrum, herself, was ultimately able to confirm it through Open Records. Davidson was terminated because she advised Butrum that Walzak had intervened to cover up and alter the findings of the investigation; that was the sin she was being punished for. The Zoo contends it terminated Davidson for violation of policies; Davidson contends that she may, or may not, have violated policies, but that she was terminated for giving this very specific information to Butrum. A jury could believe Davidson, and find she was terminated in violation of Title VII. The Court has concluded this information was "confidential". It was not, though it was secret and deliberately hidden from Butrum, it being Walzak's purpose that she nor any

2

other person learn the City's internal investigation concluded discrimination had happened at the Zoo. Ultimately, however, for purposes of the analysis, it was public record. Revealing public information to Butrum—that the Zoo, through its director, had intervened to alter the conclusions of an independent investigation, is not the dissemination of confidential information, yet Davidson was fired for it. For purposes of Summary Judgment practice, this creates two fact issues, two fact disputes, that require a jury to sort out: Was Davidson fired for, not simply giving information to Butrum, but giving information specifically about Walzak's intervening in the City's discrimination investigation, and was the public information she gave to Butrum "confidential" merely by operation of her being Walzak's secretary?

Retaliation claims are governed by a burden-shifting framework that requires a prima facie case that (1) the plaintiff was engaged in a protected activity, (2) the defendant knew this, (3) the defendant took an adverse employment action against plaintiff after the protected conduct, and (4) there was a causal connection between the protected conduct and the adverse employment action. *See* Montell v. Diversified Clinical Servs., Inc., 757 F.3d 497, 504 (6th Cir. 2014) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801–05 (1973)). If a plaintiff can make this prima facie showing, the burden shifts to the defendant to offer "legitimate, non-retaliatory reasons for its actions." *Id.*

Davidson was engaged in a protected activity: Protected free speech. The Zoo became aware of it though discovery. (From page 2 of the Opinion Dismissing: "During discovery, the Zoo became concerned that Butrum had received confidential[1] and attorney-client privileged documents[2] based on the specific nature of her discovery requests." The Zoo fired Davidson

---

[1] Davidson denies the information about Walzak intervening to alter the initial finding of discrimination was "confidential."
[2] Davidson is unaware of ANY attorney-client confidential documents in this case, and denies she ever communicated any to anyone.

3

after learning she was a "mole", or, more specifically, because she advised Butrum of Walzak's activities in altering the results of the discrimination investigation. Davidson was fired for communicating with Butrum.

The Zoo can name every policy they claim Davidson violated, but neither Davidson nor any other employee has ever been fired for violating said policies, despite the fact that employees often speak to other employees at the Zoo concerning matters that other employees would rather keep secret. Davidson was not fired because she violated the policies; she was fired because she told Butrum that Walzak was intervening to change the findings of the discrimination investigation. It would have come out anyway, in all likelihood; it was public information; but when Walzak came to understand Davidson had communicated that to Butrum, making it easier to solicit a specific Open Records request, he fired her for it.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." Street v. J. C. Bradford & Co., 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. Hartsel v. Keys, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.

*See id.* (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." Moinette v. Elec. Data Sys. Corp., 90 F.3d 1173, 1177 (6th Cir. 1996).

## CONCLUSION

Davison was not terminated because she communicated with Butrum. The communication was protected free speech and was not confidential or attorney-client privileged. Further, the substance of the communication was "public", having been created by a public agency, and having been subject to intervention and alteration by a public employee (Walzak). Davidson was terminated because she communicated to Butrum that Walzak was cheating, and treacherously had intervened to cause a finding of discrimination against her to be altered to, essentially, "no problem." That information, all of it, having been created by a public entity was, obviously, "public." She was not fired for violating any policy of the Zoo, because no policy of the Zoo prohibited investigative findings, or an attempt by Walzak to alter them, from being communicated.

                Respectfully submitted,

                *Timothy Denison*
                TIMOTHY DENISON
                Counsel for Plaintiff
                235 S. Fifth Street
                Third Floor
                Louisville, Kentucky 40202
                502-589-6916; (FAX) 568-6919
                timothydenison@aol.com

VERIFICATION

I, Nancy Davidson, have reviewed the factual contentions in this motion, and confirm they are true. The information about the investigation that found Butrum had been discriminated against was not confidential or privileged but was public record. There was no policy violated in that communication. It was my free speech right to communicate it. I was terminated because I made the communication, thus the Zoo's intense efforts to discover who had communicated it.

_____
Nancy Davidson

COMMONWEALTH OF KENTUCKY

COUNTY OF JEFFERSON

Sworn to and subscribed before me by Nancy Davidson as true and correct on this 14th day of September, 2022. My notary number is 40621 and my commission expires: 11/18/25

_____
Notary Public, State at Large, Kentucky.