# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**NANCY FERRELL DAVIDSON**     **PLAINTIFF**

**v.**     **No. 3:19-cv-309-BJB**

**LOUISVILLE METROPOLITAN**     **DEFENDANT**
**GOVERNMENT**

\*\*\*\*\*

## MEMORANDUM OPINION & ORDER

In 2018, Nancy Davidson was fired from her job as an employee of the Louisville Zoo. As discussed in this Court's prior opinion, the record in this case indicates that the Zoo fired Davidson after it discovered evidence that she leaked confidential and privileged information to a friend then engaged in litigation with the Zoo. Summary Judgment Opinion (DN 38) at 1–3. Davidson then brought this lawsuit against the Louisville Metropolitan Government (which runs the Zoo) for retaliation and wrongful termination under Title VII of the Civil Rights Act of 1964. *Id.* at 4; Complaint (DN 1) at 14–15. Alongside these federal claims, she brought a state-law statutory claim under the Kentucky Whistleblower Act and common-law claims of defamation, outrage, and tortious interference with business relations. Opinion at 1; Complaint at 15–18.

This Court granted summary judgment to the Zoo on all claims. Opinion at 1, 14. As to the retaliation claim, Davidson failed to show that she had assisted an EEOC investigation in a manner that would qualify as "protected activity." *Id.* at 4–5. The Zoo also identified unrebutted evidence of a legitimate non-pretextual basis to terminate her: "no jury could reasonably conclude [the Zoo] lacked a good-faith belief that Davidson was leaking confidential information." *Id.* at 1; *see also id.* at 5–8. Davidson "ha[d] no evidence to the contrary," save her own "bare-bones denial." *Id.* at 1.

Davidson has now asked the Court to "reconsider the order granting summary judgment" to the Zoo on her Title VII claims. Motion to Reconsider (DN 40) (cleaned up). The order is styled as a request for reconsideration, though it's filed as a motion to alter the judgment—presumably under Rule 59 (though Davidson doesn't cite it). Nor does Davidson point to any new or overlooked facts in support of her arguments. *See id.* at 1 ("The facts of this matter are largely undisputed"). Indeed, her reconsideration motion doesn't include any record citations at all. Instead, she merely restates her summary-judgment arguments that the existing record

encompasses "two fact disputes" that, in her view, "require a jury." Motion at 3. "Was Davidson fired for … giving information specifically about [her boss's] intervening in the City's discrimination investigation, and was the public information she gave … 'confidential' merely by operation of her being [her boss's] secretary?" *Id.* The Court's previous opinion held, however, that the record supported only one outcome: that the information was confidential. Opinion at 6–7. Davidson identifies no evidence (new or otherwise) that calls this holding into question. Nor would Davidson be entitled to relief even if the information was non-confidential; Davidson does not dispute the Court's holding that the record showed that the Zoo fired her based on a good-faith belief that she shared confidential information in violation of its policies. *See id.* at 8.

Davidson's motion also makes a new legal argument that she was engaged in a "protected activity" that shielded her from retaliation because her communication was "[p]rotected free speech." Motion at 3. But she does not cite any law in support of the proposition that her conduct was "protected" under Title VII because her speech was "protected" by the First Amendment. *Id.* This argument, presented for the first time in her motion for reconsideration, is tardy. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment"). And in any case, the Court is unaware of any basis for treating the scope of "protected activity" under Title VII's retaliation provision as coextensive with the scope of the First Amendment's speech clause.[*]

Nor does she address the legal standard to alter or amend a judgment under Rule 59(e). Reconsideration of a judgment may be warranted if the movant demonstrates: (1) a clear error of law in the original order; (2) newly available evidence; (3) a manifest injustice, or (4) an intervening change in controlling law. *GenCorp, Inc., v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); WRIGHT & MILLER, 11 FED. PRAC. & PROC. § 2810.1 (3d ed.). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). And a motion to alter or amend a judgment cannot be used to "present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. Davidson's motion does not provide any valid reason under this standard for this Court to revisit its decision granting summary judgment.

---

[*] Title VII's retaliation provision prohibits an employer from "discriminat[ing] against any of [its] employees … because he has opposed any practice made an unlawful employment practice … or because he has … participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

## ORDER

The Court denies Davidson's motion for reconsideration.

Benjamin Beaton, District Judge
United States District Court

April 17, 2023